UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DUNG ANH NGUYEN,<br><br>    Petitioner,<br><br>  v.<br><br>BRUCE SCOTT, et al.,<br><br>    Respondents. | CASE NO. C26-0194JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is Petitioner Dung Anh Nguyen's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, *et seq*. and request for injunctive relief. (Pet. (Dkt. # 1); Traverse (Dkt. # 11).) The federal Respondents[1] oppose the petition. (Return (Dkt. # 8).) The court has considered the petition, the parties' submissions, the relevant portions of

---

[1] The federal Respondents are Acting Seattle Field Office Director for Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations Laura Hermosillo, Secretary of the Department of Homeland Security ("DHS") Kristi Noem, DHS, Acting Director of ICE Todd Lyons, and ICE (together, the "Government"). (Pet. ¶¶ 11-15.)

ORDER - 1

the record, and the applicable law.  Being fully advised, the court DENIES Mr. Nguyen's petition.

## II.   BACKGROUND

Mr. Nguyen is a citizen of Vietnam presently detained at the Northwest ICE Processing Center in Tacoma, Washington ("NWIPC").  (Pet. ¶ 2.)  He is subject to a final order of removal and was originally ordered removed to Vietnam on September 21, 2010.  (Morris Decl. (Dkt. # 10) ¶ 2, Ex. 3 ("Final Order of Removal").)

Mr. Nguyen is a 53-year-old man who was born in Vietnam and admitted to the United States in 1979 as a refugee when he was approximately seven years old. (Pet. ¶ 16.)  In 2000, Mr. Nguyen was convicted in Oregon state court of possession of a controlled substance and first degree theft.  (Curran Decl. (Dkt. # 9) at ¶¶ 5-6.)  In November 2008, Mr. Nguyen was convicted in Oregon state court of first degree theft and assault on a public officer.  (*Id*. ¶¶ 7-8.)  Due to his criminal convictions, on August 23, 2010, immigration officers detained Mr. Nguyen and placed him in removal proceedings.  (*Id*. ¶ 9)  On September 21, 2010, an immigration judge ordered him removed to Vietnam.  (*Id*.)  Mr. Nguyen waived appeal of the immigration judge's order and it became administratively final on that day.  (*Id*.)  On December 22, 2010, ICE released Mr. Nguyen on an Order of Supervision ("OSUP") because DHS could not obtain a travel document to remove him to Vietnam.  (*Id*. ¶ 10; Morris Decl. ¶ 2, Ex. 4 (Order of Supervision).)

As a condition of his release, Mr. Nguyen was required to complete mandatory periodic check-ins with the ICE office in Portland, Oregon.  (*Id*.)  The Government

represents that Mr. Nguyen failed to report to the Portland, Oregon, Office of Enforcement and Removal Operations ("ERO") on several dates: (1) March 14, 2011; (2) January 18, 2012 due to being in Multnomah County jail pending theft and forgery charges; (3) June 19, 2013 due to being in the Federal Detention Facility in Lompoc, California; (4) January 22, 2015 due to being booked into Federal Detention by U.S. Marshals; (5) October 11, 2018; (6) October 12, 2020; and (7) October 6, 2022. (*Id.* ¶¶ 11-17.) Mr. Nguyen, however, states that he was in compliance with his OSUP until around October 2022 when he moved to Florence, Oregon, for work and did not have transportation back to Portland for his scheduled check-in. (Pet. ¶ 24.) He represents that upon observing that there were no consequences for failure to check in, he assumed he did not need to continue to do so. (*Id.*) Mr. Nguyen returned to Portland in December 2022 to support his daughter during her pregnancy. (*Id.* ¶ 25.) On December 15, 2025, ICE officers detained Mr. Nguyen and, because he had allegedly violated the conditions of his release, revoked his OSUP. (Pet. ¶ 26; *see* Morris Decl. ¶ 2, Ex. 5 (Notice of Revocation).)

On January 19, 2026, Mr. Nguyen filed the present petition for writ of habeas corpus pursuant to 28 U.S.C § 2241. (*See* Pet.) Mr. Nguyen asserts four grounds for relief: (1) his continued detention in immigration custody violates the due process clause of the Fifth Amendment because there is no significant likelihood that he will be removed in the foreseeable future; (2) his re-detention violates the Administrative Procedures Act ("APA"), and 8 C.F.R. § 241.13(i)(3) because the Government did not conduct the required initial informal interview or provide him an opportunity to respond;

(3) deporting him to a third country would violate the Fifth Amendment, 8 U.S.C. § 1231, the Convention Against Torture, implementing regulations, and the APA; and (4) deporting him to a third country would constitute punitive third country banishment and violate the Fifth and Eighth Amendments. (*Id*. at 28-32.) Mr. Nguyen's petition is fully briefed and ripe for the court's review.

### III.    ANALYSIS

**A.    The Length of Mr. Nguyen's Detention Does Not Currently Exceed What is Presumptively Reasonable**

The Immigration and Nationality Act ("INA") permits detention of noncitizens present in the United States during immigration proceedings. 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), 1231(a). A noncitizen who is ordered removed must be removed by DHS within 90 days, *id*. § 1231, and, during the removal period, the noncitizen must be detained, *id*. § 1231(a)(2). When the government fails to remove the noncitizen during that period, the statute only permits further detention of the noncitizen under certain conditions: (1) the noncitizen is "inadmissible" under certain grounds, (2) the noncitizen is "removable" as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy, or (3) the noncitizen has been "determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6); *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001).

Although ICE is permitted to hold noncitizens in detention beyond the initial 90-day window subject to certain limitations, the INA does not permit indefinite

detention. *Zadvydas*, 533 U.S. at 682 (affirming that the INA limits the "post-removal-period detention to a period *reasonably necessary* to bring about [the noncitizen's] removal from the United States"). Thus, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id*. at 699. The Supreme Court has held that a six-month period of detention is "presumptively reasonable." *Id* at 701.

Once the Government releases a noncitizen on an OSUP, the Government may only return them to ICE custody (1) for failure to comply with conditions of release, or (2) if, pursuant to a change in circumstances, ICE "determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(1)-(2). Re-detention pursuant to § 241.13(i)(1) requires notice and an opportunity for the noncitizen to be heard. *Id*.

Here, Mr. Nguyen asserts that he is entitled to habeas relief under *Zadvydas* because the Government cannot show that his removal to Vietnam is likely in the reasonably foreseeable future. (*See* Pet. at 15-20; Traverse at 2-6.) Mr. Nguyen, however, has only been subject to post-order detention for fewer than six months since the immigration judge's order of removal became administratively final on September 21, 2010. (*See* Final Order of Removal; *see also* Curran Decl. ¶¶ 9-10 (stating that Mr. Nguyen was detained for approximately three months in 2010); (Pet. ¶¶ 9, 16 (showing that ICE re-detained Mr. Nguyen in December 2025, nearly three months ago).) While "the clock on *Zadvydas's* six-month period of presumptive reasonability does not re-start with each successive detention[,]" Mr. Nguyen's total detention does not currently

exceed six months and thus is presumptively reasonable. *Abubaka v. Bondi*, No. C25-1889RSL, 2025 WL 3204369, at *3 (W.D. Wash. Nov. 17, 2025) (internal quotation marks omitted); *Zadvydas*, 533 U.S. at 701.  Therefore, the court concludes that Mr. Nguyen's petition for writ of habeas corpus pursuant to *Zadvydas* is premature and declines to grant the petition on this basis.

Second, Mr. Nguyen contends that the Government violated his regulatory and due process rights by failing to provide him with an initial informal interview before re-detaining him.  (Pet. ¶ 27 (asserting that (1) no immigration officer spoke to him about the reasons for the revocation of his release, (2) no initial informal interview was conducted, and (3) he was not given an opportunity to respond to the reasons for the revocation); *see also id*. (acknowledging, however, that "[w]hile held in an ICE holding cell at the federal building in Portland, an ICE officer told him that they arrested him for failing to check in, in 2022" and that "[a]n ICE officer gave him a Notice of Revocation of Release stating that his supervision was being revoked because he had violated his supervision").)  The Government has adduced evidence showing that prior to re-detaining Mr. Nguyen, DHS provided him with notice and an informal interview.  (*See* Morris Decl. ¶ 2, Ex. 5 (Notice of Revocation of Release); *see id*, Ex. 6 (Order of Supervision Revocation Assessment); *see id*., Ex.7 (Informal Interview); 8 C.F.R. § 241.13(i).)  Thus, the court declines to grant Mr. Nguyen's petition on the basis that the Government violated his regulatory and due process rights.

//

//

ORDER - 6

1    Consequently, the court denies Mr. Nguyen's petition for habeas corpus without
2 prejudice to refiling in the future if Mr. Nguyen meets the requirements for relief under
3 *Zadvydas*.

4 **B.     Mr. Nguyen's Claims Related to His Third Country Removal are Not Ripe**

5    In addition to his immediate release, Mr. Nguyen also seeks an order prohibiting
6 (1) his removal to a third country without notice and a meaningful opportunity to respond
7 in reopened removal proceedings; and (2) removal to any third country because the
8 Government's third country removal "seeks to impose unconstitutional punishment on its
9 subjects, including imprisonment and other forms of harm." (Pet. at 30-32.)  The
10 Government argues that Mr. Nguyen's third country removal claims are "not ripe for
11 review" and "entirely speculative" because there is no "concrete indication that removal
12 to any third country will occur." (Return at 14.)  The court agrees with the Government.

13    A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the proper
14 mechanism to challenge the legality of Mr. Nguyen's detention pending removal.  28
15 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 688 ("We conclude that § 2241
16 habeas corpus proceedings remain available as a forum for statutory and constitutional
17 challenges to post-removal-period detention.").  However, it is not the proper vehicle to
18 bring claims that are speculative or otherwise not ripe for review.  *Thomas v. Union*
19 *Carbide Agr. Prods. Co.*, 473 U.S. 568, 580 (1985) (holding that the basic rationale of the
20 ripeness doctrine is to "prevent courts, through premature adjudication, from entangling
21 themselves in abstract disagreements"); *see Thomas v. Anchorage Equal Rights Com'n*,
22 220 F.3d 1134, 1138 (9th Cir. 2000) (holding that district courts properly decline to issue

advisory opinions or to declare rights in hypothetical cases rather than live cases or controversies).

In his petition, Mr. Nguyen purports to bring claims challenging the constitutionality of his possible removal to a third country as a likely violation of 8 U.S.C. § 1231, the Fifth Amendment, the Eighth Amendment, the Convention Against Torture, the APA, and relevant implementing regulations. (Pet. at 30-32.) Mr. Nguyen, however, presents no evidence that the Government seeks to remove him to a third country. (*See generally* Pet.) The Government similarly represents that they have no intent to remove Mr. Nguyen to any country other than Vietnam and are "currently working to obtain a [travel document] for [Mr. Nguyen] to be removed to Vietnam." (Curran Decl. ¶ 20.) Thus, Mr. Nguyen's claims based on the possibility of third country removal are speculative and invite the court to decide claims that are not part of a live controversy. *Thomas*, 473 U.S. at 580. Consequently, the court declines to address Mr. Nguyen's arguments regarding the constitutionality of his possible removal to a third country. The court is cognizant, however, that Mr. Nguyen expresses concern that he could be removed to a third country without notice in the future. Therefore, in order to provide Mr. Nguyen enough time to seek emergency relief, the court orders the Government to provide Mr. Nguyen and his counsel with at least 48 hours' notice before any action to remove or transfer Mr. Nguyen.

//
//
//

## IV. CONCLUSION

For the foregoing reasons:

1. Mr. Nguyen's petition for writ of habeas corpus (Dkt. # 1) is DENIED without prejudice; and

2. The Government is ORDERED to provide Mr. Nguyen and his counsel at least 48 hours' notice (or 72 hours' notice if the period extends into a weekend, holiday, or date the court is closed) prior to any action to move or transfer Mr. Nguyen from the Western District of Washington or to remove him from the United States.

Dated this 5th day of March, 2026.

JAMES L. ROBART
United States District Judge